KEITH A. HILL, A MINOR, ET AL.

V.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Record No. 861001

January 13, 1989

Present: Carrico, C.J., Poff,* Compton, Stephenson, Russell, Thomas, and Whiting, JJ.

* Justice Poff participated in the hearing and decision of this case prior to the effective date of his retirement on December 31, 1988.

*James B. Miller (Miller, Miller & Kearney*, on briefs), for appellants.

*George C. Towner, Jr. (Simmonds, Coleburn & Towner*, on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

In this appeal from a declaratory judgment, we must determine whether a "moped" is a "motor vehicle" within the terms of the uninsured motorist coverage in an automobile liability insurance policy.

The facts were stipulated in the trial court. On July 19, 1984, Keith A. Hill, a minor, was a passenger riding on a moped[1] which was owned and operated by Matthew Warren Fletcher, who was twelve years old. The moped collided with a truck on South Glebe Road in Arlington. Keith sustained injuries as a result of the collision. The moped was not, and was not required to be, registered, licensed, or insured.

---

[1] Code § 46.1-1(14b) defines a "moped" as "[a] bicycle-like device with pedals and a helper motor which is rated at no more than two brake horsepower and which produces speeds up to a maximum of thirty miles per hour." That section also provides that while operated on a highway, mopeds are to be treated as "vehicles" for the purposes of Title 46.1, Chapter 4 of the Code, captioned "Regulation of Traffic."

Keith and his mother, Bessie Mae Hill, brought an action at law against Matthew Fletcher, alleging that his negligence was the proximate cause of the collision. Bessie Mae Hill had an automobile insurance policy with State Farm Mutual Automobile Insurance Company (State Farm) which provided uninsured motorist coverage. Taking the position that Fletcher was an uninsured motorist, the Hills caused process to be served on State Farm in their action against Fletcher. State Farm refused to afford coverage and brought this chancery suit against the Hills, seeking a judgment declaratory of its rights and duties under the policy.

State Farm contended in the trial court, as it does here, that a "moped" is not a "motor vehicle" within the terms of the policy, and therefore not an "uninsured motor vehicle" within the terms of the policy. The uninsured motorist endorsement in Mrs. Hill's policy provides:

> The company will pay in accordance with Section 38.1-381 of the Code of Virginia and all Acts amendatory thereof or supplementary thereto, all sums which the insured or his legal representative shall legally be entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured or property damage, caused by the accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle.

The policy also contains the following definition of a "motor vehicle":

> Motor vehicle — means a land motor vehicle or trailer other than:
> a) a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads,
> b) a vehicle operated on rails or crawler-treads or,
> c) a vehicle while located for use as a residence or premises.

The policy defines an "uninsured motor vehicle" as a "motor vehicle" which lacks effective protection by insurance coverage, bond, or deposit of cash or securities in "at least the amounts specified in the Virginia Motor Vehicle Safety Responsibility Act . . . ."

State Farm's contention is that the foregoing definitions are not alone dispositive. Because the policy's definition of "motor vehicle" is merely "land motor vehicle," and because the other applicable definitions contained in the policy make reference to Code § 38.1-381 and to the Virginia Motor Vehicle Safety Responsibility Act generally, State Farm argues that reference must be made to the entire statutory scheme in order to determine the true meaning of "motor vehicle."

State Farm points out that Code § 46.1-1(15) specifically excludes bicycles and mopeds from the definition of the term "motor vehicle," that mopeds are excluded from the requirements of licensure and registration, and that Code § 46.1-167.2(a) defines a "motor vehicle" as "a vehicle capable of self-propulsion which is *required to be titled and licensed . . . .*" (Emphasis added.) Thus, State Farm contends, the General Assembly, in defining "motor vehicle," has implicitly excluded mopeds from the uninsured motorist coverage required by former Code § 38.1-381(b) and present Code § 38.2-2206.

■ The trial court agreed with State Farm's interpretation. The court, in ruling from the bench, noted that we had said, in *USAA Ins. Co. v. Yaconiello*, 226 Va. 423, 425-26, 309 S.E.2d 324, 325 (1983), "if the terms of the policy are inconsistent with statutory provisions, the statutory provisions supersede the inconsistent policy terms. Here, we must construe and apply the policy as if it contained the statutorily mandated term 'motor vehicle' rather than the language USAA actually used." The court reasoned that the statutory scheme excluded coverage for mopeds and that the statutory scheme superseded inconsistent policy provisions. The court therefore entered a decree declaring that Fletcher's moped was not an uninsured motor vehicle within the purview of Mrs. Hill's policy.

In *Yaconiello*, USAA had purported to insure against injuries sustained by an insured "struck by an automobile." Yaconiello was struck by a motorcycle. The term "automobile" did not include "motorcycle" but the term "motor vehicle" did. The statute then in effect, Code § 38.1-380.1, mandated coverage for injuries sustained by an insured "struck by a motor vehicle." Thus, USAA's policy purported to provide narrower coverage than that mandated by statute. In those circumstances, the statute prevailed. We based the holding upon former Code § 38.1-343, which provided that any insurance policy containing terms inconsistent

with statute is to be construed and applied "in accordance with such conditions and provisions as would have been applied had such policy . . . been in full compliance [with Title 38.1 of the Code]."[2]

Here, State Farm's policy affords broader coverage than that mandated by statute, and in that respect this case differs from *Yaconiello*. There is no prohibition against an insurer offering broader coverage than the minimum prescribed by law. The superseding provisions of Code § 38.1-343 (now revised and recodified as Code § 38.2-318) take effect only where an insurer seeks, by policy language, to narrow, avoid, vary or restrict the coverage the legislature has required. That is so because those superseding provisions are triggered expressly when policy terms are "inconsistent" with the terms prescribed by law. When the policy affords broader coverage than the law requires, no inconsistency exists; the policy provides all the coverage the statute demands, and more.

Because the language of the uninsured motorist endorsement in Mrs. Hill's policy is not in conflict with the minimum coverage provisions required by law, if it is unambiguous, it is unnecessary to look beyond the language of the policy itself. An insurance policy is a contract, and, as in the case of any other contract, the words used are given their ordinary and customary meaning when they are susceptible of such construction. *See Insurance Company* v. *Dollins*, 201 Va. 73, 77, 109 S.E.2d 405, 409 (1959). The policy contains no indication to the insured that cross-reference must be made to provisions scattered through the Code of Virginia in order to determine the meaning of the seemingly unambiguous term "motor vehicle": One dictionary definition of the term is "a self-propelled wheeled conveyance that does not run on rails." The American Heritage Dictionary 817 (2nd ed. 1982). There is no indication to a careful reader of the policy that mopeds are intended to be excluded from coverage by the language used.

On the other hand, it is at least implicit in the arguments of both parties to this appeal that the policy language is ambiguous in that "motor vehicle" may be subject to two or more interpreta-

---

[2] We recently decided *Va. Farm Bureau Mut. Ins.* v. *Jerrell*, 236 Va. 261, 373 S.E.2d 913 (1988) and *State Farm* v. *Seay*, 236 Va. 275, 373 S.E.2d 910 (1988) to similar effect: where an insurer attempts to limit the coverage by substituting a narrower term in the policy than that prescribed by statute, the broader statutory language prevails.

tions. A term is ambiguous if it is susceptible of two or more meanings. *Berry* v. *Klinger*, 225 Va. 201, 207, 300 S.E.2d 792, 796 (1983). If that is the case here, it does not help State Farm. Because insurance carriers select the language of the policies they write, any doubt concerning the meaning of the policy language is resolved against the insurer. *CUNA Mutual Ins. Soc.* v. *Norman*, 237 Va. 33, 36, 375 S.E.2d 724, 725 (1989) (this day decided); *Caldwell* v. *Transportation Insurance Co.*, 234 Va. 639, 642, 364 S.E.2d 1, 2-3 (1988); *St. Paul Ins.* v. *Nusbaum & Co.*, 227 Va. 407, 411, 316 S.E.2d 734, 736 (1984).

> Insurance policies are to be construed according to their terms and provisions and are to be considered as a whole. Where there is doubt or uncertainty and where the language of a policy is susceptible of two constructions, it is to be construed liberally in favor of the insured and strictly against the insurer. Where two interpretations equally fair may be made, the one which permits a greater indemnity will prevail because indemnity is the ultimate object of insurance.

*White Tire Dist.* v. *Pennsylvania Nat. Mutual*, 235 Va. 439, 441, 367 S.E.2d 518, 519 (1988) (*quoting Surety Corporation* v. *Elder*, 204 Va. 192, 197, 129 S.E.2d 651, 655 (1963)).

Here, State Farm, in selecting the language of the policy, saw fit to exclude from the definition of a "motor vehicle" farm tractors, vehicles operated on rails or crawler treads, and vehicles located for use as a residence. If we assume, without deciding, that State Farm might also have excluded mopeds from coverage without offending the minimum requirements imposed by the statutory scheme, it nevertheless failed to do so. As we said in *Nusbaum*, "[i]t was incumbent upon the insurer to employ exclusionary language clear enough to avoid any such ambiguity, if it wished to exclude coverage . . . ." 227 Va. at 412, 316 S.E.2d at 736. Therefore, even if a moped is not included within the statutory definition of "uninsured motor vehicle" for which Code § 38.2-2206 mandates coverage, we must construe any ambiguity in State Farm's policy against the insurer and in favor of coverage. Thus construed, the policy's definition of a "motor vehicle" includes Fletcher's moped.

Accordingly, we will reverse the judgment appealed from and enter final judgment here, declaring that the policy in question provides the coverage for which the appellants contend.

*Reversed and final judgment.*