## CIRCUIT COURT OF WARREN COUNTY

Shenandoah Chiropractic, Inc.

v.

Scott J. Berman

September 6, 1996

Case No. (Chancery) 96-143

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on September 5, 1996, on the Plaintiff's Motion for a Temporary Injunction to enjoin a chiropractor, who was a former employee, from opening an office in Front Royal, Virginia. The Plaintiff appeared by its corporate representative and its counsel, Nate L. Adams, III, Esquire; and the Defendant appeared in person with his counsel, Brian M. Madden, Esquire. Whereupon, evidence was heard *ore tenus* and, upon consideration whereof, the Court has decided to deny the Motion for a Temporary Injunction for the following reasons.

### I. *Statement of Facts*

The following facts are found by the greater weight of the evidence.

Plaintiff is a Virginia corporation engaged in the practice of chiropractic medicine in Front Royal, Virginia. On December 4, 1994, Shenandoah Chiropractic and the Defendant Berman entered into an employment contract whereby Shenandoah Chiropractic employed Berman, who is a chiropractor, as an employee at Shenandoah Chiropractic's office in Front Royal, Virginia. The December 4, 1994, contract provides in pertinent part that:

§ 1, the employee further agrees not to transmit or reveal any information, written or oral, concerning the patients of the employer, its methods of operation or business forms to a competitor or prospective competitor nor use any such information for himself or others in the same or similar employment . . . .

Nothing herein shall be construed to interfere with professional or ethical responsibilities of the employee.

Section 10a of the contract provides that in the event that the employee terminates the employment agreement, for a period of one year from the date of such termination that the employee shall not:

Engage in the business of the evaluation and non-surgical treatment of musculoskeletal disorders, the rehabilitation of musculoskeletal disorders, nor act in aid of such business, within a forty (40) mile radius of the center of Front Royal, Virginia, or any other clinic owned or operated by employer, unless otherwise and in writing is released from provision by the employer, it being agreed that in the event of business . . . .

This is the provision which Shenandoah Chiropractic seeks to enforce against Berman.

The December 4, 1994, employment agreement expired by its terms on June 4, 1996.

Prior to the expiration of the employment contract and thereafter, Defendant Berman engaged in negotiations about the terms of his continued employment with the principal of Shenandoah Chiropractic, Dr. Martin Curry of Salisbury, Maryland, but no agreement was ever reached.

After June 4, 1996, Dr. Berman continued to provide the same services as he had previously and was compensated at the same rate as under the December 4, 1994, contract.

Negotiations between the parties continued after June 4, 1996, and those were not successful, so on July 17, 1996, Dr. Berman's attorney advised Dr. Curry by letter of July 17, 1996, that Dr. Berman was of the opinion that the contract had expired and that all of its provisions therein became "a nullity."

On August 14, 1996, Dr. Berman terminated, without notice, all further association with Shenandoah Chiropractic and thereafter opened an independent chiropractic office in Front Royal, Virginia.

The December 4, 1994, contract, which was prepared by Shenandoah Chiropractic, has no automatic renewal provision and is silent about re-

newal. Nor does it provide that the covenant not to compete would apply if the contract expired according to its terms.

Immediately prior to leaving, Dr. Berman did advise some of his patients whom he had been treating at Shenandoah Chiropractic that he was terminating his association with Shenandoah Chiropractic and thereafter he would be located at another office in Front Royal. Dr. Berman opined that he had an ethical duty to provide this information to his patients.

The Plaintiff Shenandoah Chiropractic has filed a bill of complaint for a temporary and permanent injunction seeking the enforcement of the restrictive covenant contained in the December 4, 1994, employment contract, which they claim bars Dr. Berman from opening an office in Front Royal and further seeks to enforce the confidentiality provisions of the agreement claiming that Dr. Berman is precluded from contacting any of the former patients of Shenandoah Chiropractic.

Dr. Berman testified that he took no patient lists or records or any other confidential material from Shenandoah Chiropractic.

## II. *Conclusions of Law*

Whether a contract is ambiguous or incomplete is a question of law. *See Ross v. Craw*, 231 Va. 206, 213, 343 S.E.2d 312 (1986). The December 4, 1994, Employment Agreement is clear and unambiguous, and it does not provide that upon expiration of the contract term of eighteen months, Dr. Berman would be subject to the one year covenant not to compete.

The Supreme Court of Virginia has long followed the plain meaning rule in cases of contract construction, and recent cases indicate that there is no trend toward relaxation of that rule. *See Brooks v. Bankson*, 248 Va. 197, 203-204, 445 S.E.2d 473, 476-77 (1994); *Clinch Valley Physicians v. Garcia*, 243 Va. 286, 414 S.E.2d 599 (1992); and *Graphic Arts Mut. Ins. Co. v. C. W. Warthen Co.*, 240 Va. 457, 459-460, 397 S.E.2d 876 (1990).

In *Wilson v. Holyfield*, 227 Va. 184, 187, 313 S.E.2d 396 (1984), the Supreme Court, in discussing the plain meaning rule, stated:

> A corollary to the last stated principle [plain meaning rule] is that courts cannot read into contracts language *which will add to* or take away from the meaning of the words already contained therein. See *Virginian Ry. Co. v. Avis*, 124 Va. 711, 719, 98 S.E. 638, 640 (1919). [Emphasis added.]

The employment contract could have provided for automatic renewal, *see e.g. Fun v. V.M.I.*, 245 Va. 249, 427 S.E.2d 181 (1993), but it did not. The

employment contract could have provided that the covenant not to compete would apply for one year following the expiration of the contract term, but it did not.

The Plaintiff Employer relies upon the principle that "when one enters the employment of another for a definite period of time (of one year or less) and continues in that employment after the expiration of that period without any new agreement, the presumption, rebuttable of course, is that he is again employed for a like period." *Buchanan v. Ewell*, 148 Va. 762, 139 S.E. 483, 486 (1927) *quoting with approval Conrad v. Ellison-Harvey Co.*, 120 Va. 458, 91 S.E. 763 (1917); *accord Miller v. SEVAMP, Inc.*, 234 Va. 462, 465, 362 S.E.2d 915 (1987). However, Plaintiff's reliance is misplaced, because this principle does not apply to contracts subject to the statute of frauds. *See Conrad v. Ellison-Harvey Co.* at 469. Moreover, this presumption of renewal "gives way before evidence that such continuation was not intended." *Id.* at 467.

The employment contract in this case is subject to the statute of frauds, because it provides for employment for eighteen months. Virginia Code § 11-2(8); and *Falls v. Virginia State Bar*, 240 Va. 416, 397 S.E.2d 671 (1990). The statute of frauds prevents the implication of a new contract where the term to be impliedly extended exceeds one year. Additionally, the parties engaged in unsuccessful negotiations to enter a new contract both before and after the expiration of the employment contract's term, which shows that they did not consider the contract renewed for another term.

The case of *Jenkins v. King*, 224 Ind. 164, 65 N.E.2d 121, 163 A.L.R. 397 (1946), is instructive, because its facts are squarely on point. In that case, the employment agreement provided for a two year term. The term of the contract expired, and the employee continued to work for his employer for twenty-three months after the employment contract had expired. Like the contract in the case at bar, the King contract provided that the employee would be subject to a covenant not to compete "in case he should leave the services of [his employer] . . . ." The court observed that the employee did not leave the services of his employer during the term of the underlying contract, that the employment contract was not renewed by the employee's continued employment, and that the covenant not to compete could not be enforced. In its reasoning, the *King* court noted public policy considerations and a statute of frauds similar to those in Virginia.

"Since the restraint sought to be imposed restricts the employee in the exercise of a gainful occupation, it is a restraint of trade, and it is carefully

examined and strictly construed before the covenant will be enforced." *Clinch Valley Physicians, Inc. v. Garcia*, 243 Va. 286, 289, *quoting with approval Linville v. Servisoft of Va.*, 211 Va. 53, 55, 174 S.E.2d 785 (1970). Covenants not to compete "are not favored in the law and courts are slow to grant injunctive relief." *Stoneman v. Wilson*, 169 Va. 239, 245, 192 S.E. 816 (1937). There is no reason to imply that the burden of the covenant not to compete continued beyond the June 4, 1996, expiration of the employment contract.

"The usual rule is that a former employee, after termination of his employment, may compete with his former employer, the only restraint being that he may not use the confidential information or trade secrets obtained from the former employer, appropriating, in effect, to his competitive advantage what rightfully belongs to his employer." *Community Counseling Services, Inc. v. Reilly*, 317 F.2d 239, 244 (4th Cir. 1963). "Moreover, it is not unusual in the business world for an employee to leave his employment and start a competing business. When this occurs, inevitably customers of the former employer will desire to continue to deal with the former employee in the new business." *Pearce v. Conway*, 246 Va. 278, 282, 435 S.E.2d 133 (1993).

## III. *Decision*

For the foregoing reasons, it is adjudged and ordered that the Plaintiff's Motion for a Temporary Injunction is denied.