Present:  All the Justices

MONTICELLO INSURANCE COMPANY

OPINION BY JUSTICE LEROY R. HASSELL, SR.

v.    Record No. 960193                    November 1, 1996

MICHAEL BAECHER, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Luther C. Edmonds, Judge

In this insurance coverage dispute, the dispositive issue is whether an insurer may enforce an exclusion clause described as a "health hazard exclusion."

Monticello Insurance Company had issued an "Owners', Landlords', and Tenants' Liability Insurance" policy to John Joseph Baecher on property he owned at 1821 LaSalle Avenue in the City of Norfolk.  Upon his death, Monticello issued subsequent policies to his estate.  The insured premises had been occupied by Louise Conyer and her young grandchild, Shanay Hunter.

Shanay, an infant who sued by Conyer, her next friend, and Conyer, individually, (collectively, Conyer), filed an action in the trial court against the co-executors of the estate of John Joseph Baecher.  Conyer alleged that Shanay was injured when she ingested lead-based paint and that the estate "was negligent and/or negligent per se for allowing lead-based paint to be upon its premises."

Monticello's policy of insurance contained numerous exclusions, including the following health hazard exclusion:
    "No coverage is granted by this policy for any claim or
    expense (including but not limited to defense costs)
    for personal injury (as defined) made by or on behalf
    of any person or persons directly or indirectly on
    account of continuous, intermittent or repeated . . .
    ingestion . . . of, any substance . . . where the
    Insured is or may be liable as a result of the

> manufacture, production, extraction, sale, handling, utilization, distribution, disposal or creation by or on behalf of the Insured of such substance. . . ."

Monticello initiated this action by filing a motion for declaratory judgment against Michael Baecher and John J. Baecher, Jr., co-executors of the estate of John Joseph Baecher, deceased, and Conyer. Monticello sought a declaration that it has no obligation to defend or indemnify the estate for any claims made by Conyer in the underlying litigation. The estate and Conyer asserted, among other things, that the health hazard exclusion is unenforceable because the lead-based paint was not utilized within the intendment of the exclusion. The trial court held that the health hazard exclusion is unenforceable, ruling the estate did not "utilize" lead-based paint because it was beneath several layers of paint that did not contain lead. The trial court entered a decree declaring that Monticello has an obligation to defend and indemnify the estate. Monticello appeals.

Monticello argues that the trial court erred by failing to enforce the health hazard exclusion. Monticello contends that the exclusion is enforceable because Shanay ingested lead-based paint that the estate had utilized. Monticello observes that in the underlying litigation, Conyer asserts that the estate is liable to her because it used lead-based paint in the leased premises. The estate responds that neither it nor John Baecher applied lead-based paint to the walls of the leased premises and, therefore, the lead-based paint was not utilized within the meaning of the exclusion. Furthermore, the estate and Conyer

contend that the exclusion is ambiguous and, therefore, must be construed against Monticello.

Familiar principles of contract interpretation guide our resolution of this dispute. "Reasonable policy exclusions not in conflict with statutes will be enforced; to be effective, the exclusionary language must clearly and unambiguously bring the particular act or omission within its scope." Floyd v. Northern Neck Insurance Co., 245 Va. 153, 158, 427 S.E.2d 193, 196 (1993). Further, "[a]n insurance policy is a contract, and, as in the case of any other contract, the words used are given their ordinary and customary meaning when they are susceptible of such construction." Graphic Arts Mutual Ins. v. C.W. Warthen Co., 240 Va. 457, 459, 397 S.E.2d 876, 877 (1990) (quoting Hill v. State Farm Mutual Auto Ins., 237 Va. 148, 152, 375 S.E.2d 727, 729 (1989)). In the absence of an ambiguity, we must interpret the insurance contract by examining the language contained therein. As we have stated, "where an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself." Globe Co. v. Bank of Boston, 205 Va. 841, 848, 140 S.E.2d 629, 633 (1965) (citations omitted). Additionally, a word is ambiguous if it is susceptible of two or more meanings. Berry v. Klinger, 225 Va. 201, 207, 300 S.E.2d 792, 796 (1983).

Applying these principles, we are of opinion that the health hazard exclusion clause is enforceable and, therefore, Monticello has no obligation to defend or indemnify the estate for any claims arising out of the allegations contained in the underlying

litigation.  The word "utilization" is defined as "the action of utilizing or the state of being utilized."  Webster's New International Dictionary 2525 (3rd ed. 1986).  The word "utilize" means, "to make useful; turn to profitable account or use; make use of."  Id.  Contrary to the assertions of the estate and Conyer, the word "utilization" found in the exclusion is not ambiguous because within the context of the exclusion, "utilization" is not "susceptible of two or more meanings."

In the underlying litigation, Conyer seeks to recover damages for injuries that Shanay incurred as a result of the ingestion of lead-based paint which was affixed to the walls of premises the estate owns.  The plain language of the exclusion relieves Monticello of any obligation to pay any claim or provide a defense for any personal injury caused by the "ingestion . . . of, any substance . . . where the [estate] is or may be liable as a result of the . . . utilization . . . of such substance."  It is true, as the estate asserts, that the lead-based paint was covered by paint which did not contain lead.  This fact, however, does not render the exclusion unenforceable.  We are of opinion that the estate continued to "make use of" the lead-based paint because the estate allowed that paint to remain on the walls of its leased premises.

Additionally, we find no merit in the estate's contention that the term "personal injury" is ambiguous.  That term simply is not susceptible of two or more meanings within the context of the health hazard exclusion.

In view of the foregoing, we need not consider the

litigants' remaining arguments.  Accordingly, we will reverse the judgment of the trial court, and we will enter a judgment declaring that Monticello Insurance Company has no duty to defend and/or indemnify the estate of John Joseph Baecher against the claims of Louise Conyer and Shanay Hunter.

<u>Reversed and final judgment</u>.