Present:  All the Justices

VICTOR H. SALZI, ET AL.

                              OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 010438              January 11, 2002

VIRGINIA FARM BUREAU MUTUAL
INSURANCE COMPANY

              FROM THE CIRCUIT COURT OF CHARLOTTE COUNTY
                    Charles L. McCormick, III, Judge

     In this appeal, we consider whether a provision in an

insurance contract is ambiguous and, therefore, unenforceable.

     Victor H. and Lorraine Salzi filed their amended motion

for judgment against Virginia Farm Bureau Mutual Insurance

Company (Virginia Farm Bureau).  They alleged that Virginia

Farm Bureau breached its insurance contract by failing to

indemnify them for damages sustained to a barn as a result of

a hurricane.  The parties entered into a stipulation of facts,

and the litigants submitted the matter to the circuit court

for summary judgment on the issue whether a business use

exclusion in the contract absolved Virginia Farm Bureau of any

obligation to pay the stipulated damages.  The circuit court

held that the exclusion was clear and unambiguous and that

Virginia Farm Bureau had no duty to indemnify the Salzis for

their loss.  The circuit court entered a final judgment, and

the Salzis appeal.

Victor H. and Lorraine Salzi were the named insureds under a homeowners insurance policy issued by Virginia Farm Bureau. The property insured included a barn that had an actual cash value in excess of $16,120.

On September 15, 1996, the barn collapsed. "At the time of the [l]oss, the barn contained between 1,500 and 3,000 bales of hay, which measured approximately 2' x 4' each." James Renneth Marston owned the hay that was stored in the barn. Marston operates a tobacco farm "with a profit motive in Charlotte County." Marston raised tobacco "over more than 115 acres in Charlotte, Appomattox and Campbell Counties." He raised the hay stored in the Salzis' barn "as part of his normal crop rotation in his tobacco farming operation." Marston did not have sufficient space on his own farm to store the hay, and he "asked for and received permission from Victor Salzi to store hay in the barn." Marston had "free access to the barn." Marston did not need permission from the Salzis when he wanted access to the barn.

Marston had not used the Salzis' barn in the past. Marston did not rent the barn from the Salzis, nor had he discussed rental terms with them. "Marston thanked Salzi for allowing him to use the barn, and gave Salzi $100 as a neighborly gesture." Marston had intended to sell the hay stored in the barn to a buyer, but the buyer no longer desired

to purchase the hay after it was damaged in the hurricane that caused the barn to collapse.  The Salzis filed a claim with Virginia Farm Bureau for damages to the barn.

Virginia Farm Bureau denied the claim on the basis that the barn was used "for business" at the time of the loss. Virginia Farm Bureau's insurance contract that had been issued to the Salzis contained the following pertinent provisions:

"The following definitions apply to this policy.

. . . .

"**Business** means a trade, profession, or other occupation including farming, all whether full or part time, or the rental of any property to others.  (However, **business** does not include the occasional rental, for residential purposes, of the portion of the **insured premises** normally occupied exclusively by **your** household.)

. . . .

"**PRINCIPAL PROPERTY COVERAGES**

. . . .

"**Coverage B – Related Private Structures on the Premises** – This policy covers related private structures on the **insured premises** which are not attached to **your residence**.  (Structures connected to the **residence** by only a fence, utility line or similar connection are considered to be related private structures.) . . . .

"Coverage B does not cover:
"1.  structures used for **business**."

The Salzis argue that the definition of the word "business" in the insurance contract is vague, ambiguous, and

3

susceptible to two reasonable interpretations.  The Salzis contend that the language in the policy "speaks in specific terms of the insured's activity, use or ownership, not that of a third party.  The business use exclusion applies . . . to Salzi's business, not Marston's temporary, one time use of the barn to store hay."  Continuing, the Salzis argue that even though Virginia Farm Bureau "is clearly attempting to limit its liability by excluding coverage for the commercial use of the barn . . . the limitation applies to the insured's business use of the structure, for the insured's trade, or the insured's profession, or the insured's other occupation or the insured's rental to others.  The use of the word 'others' in the sentence limits the applicability of the exclusion to the insureds."  The Salzis contend that the policy's definition of business could mean one of two things: (i) the business exclusion only applies if the Salzis use the barn in their trade, profession, or occupation, or (ii) the exclusion applies if the Salzis and Marston used the barn in their trades, professions, or occupations.  We disagree with the Salzis.

The principles of contract interpretation that guide our resolution of this appeal are well established.  "Reasonable policy exclusions not in conflict with statute[s] will be enforced; to be effective, the exclusionary language must

4

clearly and unambiguously bring the particular act or omission within its scope." Floyd v. Northern Neck Ins. Co., 245 Va. 153, 158, 427 S.E.2d 193, 196 (1993). Additionally, " '[a]n insurance policy is a contract, and, as in the case of any other contract, the words used are given their ordinary and customary meaning when they are susceptible of such construction.' " Graphic Arts Mutual Ins. v. C.W. Warthen Co., 240 Va. 457, 459, 397 S.E.2d 876, 877 (1990) (quoting Hill v. State Farm Mutual Auto. Ins., 237 Va. 148, 152, 375 S.E.2d 727, 729 (1989)).

We have also stated that "an ambiguity, if one exists, must be found on the face of the policy." Nationwide Mutual Ins. v. Wenger, 222 Va. 263, 268, 278 S.E.2d 874, 877 (1981); accord S.F. (Jane Doe) v. West American Ins. Co., 250 Va. 461, 464, 463 S.E.2d 450, 452 (1995). Language is ambiguous when it may be understood in more than one way or when such language refers to two or more things at the same time. Lincoln National Life Ins. Co. v. Commonwealth Corrugated Container Corp., 229 Va. 132, 136-37, 327 S.E.2d 98, 101 (1985).

The insurance contract at issue in this appeal plainly states that the coverage does not include "structures used for **business**." As we have already stated, the word "business" is defined in the insurance contract as "a trade, profession, or

5

other occupation including farming, all whether full or part time, or the rental of any property to others."  The phrase "structures used for business" is unambiguous.  And, the insurance contract's definition of business is unambiguous.

We find no language in the insurance contract that permits us to conclude that the definition of business is limited to the Salzis' business activities as opposed to the business activities of others, in this instance, Marston's business activities.  The Salzis' barn is a structure within the plain meaning of the insurance contract.  Their barn was "used for business" within the plain meaning of the insurance contract because the Salzis permitted a farmer to store in their barn between 1,500 and 3,000 bales of hay related to the farmer's tobacco business.

Finding no merit in the Salzis' remaining contentions, we will affirm the judgment of the circuit court.

Affirmed.

JUSTICE KINSER, with whom JUSTICE KEENAN and JUSTICE LEMONS join, dissenting.

I do not agree with the statement in the majority opinion that the barn belonging to the appellants, Victor H. and Lorraine Salzi, "was 'used for business' . . . because the Salzis permitted a farmer to store in their barn between 1,500 and 3,000 bales of hay related to the farmer's tobacco

6

business."  In my opinion, a one-time, gratuitous use of a barn to store a neighbor's hay does not turn that barn into a "structure[] used for **business**."

The storing of hay in this barn on one occasion lacks the continuity necessary to constitute a business use.  See Virginia Mut. Ins. Co. v. Hagy, 232 Va. 472, 475, 352 S.E.2d 316, 318 (1987) (defining, as the law of the case, the term "business pursuit" as requiring both continuity and profit motive).  "[T]he term business . . . mean[s] more than a single act."  Nationwide Ins. Co. v. Hill, 307 F. Supp. 801, 804 (W.D. Va. 1969), aff'd, Nationwide Ins. Co. v. Aetna Casualty & Surety Co., 426 F.2d 313 (4th Cir. 1970).

The appellee, Virginia Farm Bureau Mutual Insurance Company, argues that the Salzis did not assign error to the trial court's factual finding that the Salzis permitted their neighbor "to use their barn to store hay in his farming business."  I do not agree.  The question whether the barn was a "structure[] used for **business**" is a mixed question of law and fact, and resolution of the question depends upon the construction placed on that phrase in the policy.  The Salzis objected to the final order, in part, on the basis that the trial court misconstrued the policy's language, and, on appeal, they challenged the trial court's construction of the

phrase "structures used for **business**." Thus, I conclude that this question is properly before this Court.

For these reasons, I respectfully dissent and would reverse the judgment of the circuit court.