**UNPUBLISHED**
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-1031**

_____

MARCUS HESSE, Guardian Ad Litem of Josef Hesse,

        Plaintiff – Appellant,

    and

HORST SCHWINN, Guardian Ad Litem of Doerte Hesse,

        Plaintiff,

      v.

HARLEYSVILLE MUTUAL INSURANCE COMPANY; CHARLES STEPHEN EBBETS,

        Defendants - Appellees.

_____

**No. 09-1033**

_____

HORST SCHWINN, Guardian Ad Litem of Doerte Hesse,

        Plaintiff – Appellant,

    and

MARCUS HESSE, Guardian Ad Litem of Josef Hesse,

        Plaintiff,

      v.

HARLEYSVILLE MUTUAL INSURANCE COMPANY,

        Defendant – Appellee,

and

CHARLES STEPHEN EBBETS,

Defendant.

―――――――――

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:08-cv-00976-LMB-JFA)

―――――――――

Submitted: September 18, 2009          Decided: February 5, 2010

―――――――――

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Steven M. Garver, GARVER LAW OFFICES, P.C., Reston, Virginia; Douglas K. W. Landau, ABRAMS & LANDAU, LTD., Herndon, Virginia, for Appellants. Stanley P. Wellman, Danielle D. Giroux, HARMAN, CLAYTOR, CORRIGAN & WELLMAN, P.C., Richmond, Virginia, for Appellee Harleysville Mutual Insurance Company.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Ebbets, a licensed real estate agent representing Long and Foster Real Estate, Inc. ("Long and Foster"), caused a motor vehicle collision that severely injured Josef and Doerte Hesse. The Hesses, through their guardians ad litem, brought this declaratory judgment action against Ebbets and Harleysville Mutual Insurance Company ("Harleysville"), Long and Foster's insurance carrier, requesting the district court to declare that Ebbets is insured under Long and Foster's business automobile insurance policy issued through Harleysville. The district court granted Harleysville's motion to dismiss. Finding no error, we affirm.

This court reviews de novo a district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain

3

"enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570.

A federal court sitting in diversity must apply the choice of law rules of the forum state. CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co., 566 F.3d 150, 154 (4th Cir. 2009). Virginia insurance law applies "the law of the place where an insurance contract is written and delivered" to determine policy coverage. Buchanan v. Doe, 431 S.E.2d 289, 291 (Va. 1993). The parties do not disagree that Virginia law applies in construing this policy.

Under Virginia law, an insurance policy is a contract and, as with any other contract, the words used must be given their ordinary meaning if they are susceptible to such a construction. Graphic Arts Mut. Ins. Co. v. C.W. Warthen Co., 397 S.E.2d 876, 877 (Va. 1990). An insurance provision is ambiguous only if it may reasonably "be understood in more than one way or when such language refers to two or more things at the same time." Salzi v. Virginia Farm Bureau Mut. Ins. Co., 556 S.E.2d 758, 760 (Va. 2002). "A well-settled principle of contract law dictates that where an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself." Ross v. Craw, 343 S.E.2d 312, 316 (Va. 1986) (internal quotation marks omitted).

4

Having reviewed the record and the applicable law, we conclude that Ebbets is explicitly excluded as an insured under Long and Foster's business automobile insurance policy issued through Harleysville. As a result, the Appellants failed to state a claim upon which relief could be granted and the district court properly granted the motion to dismiss.

Accordingly, we affirm the judgment of the district court. We deny the Hesses' motion to certify a question to the Virginia Supreme Court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>