# Richmond

## ATLANTIC LIFE INSURANCE COMPANY V. CHRISTINA S. SWANN.

March 16, 1933.

Present, All the Justices.

The opinion states the case.

*Savage & Lawrence, Andrew D. Christian* and *Alex. W. Parker,* for the plaintiff in error.

*Page, Page & Page,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This is the second time this case has been before the appellate court. See *Swann* v. *Atlantic Life Ins. Co.,* 156 Va. 852, 159 S. E. 192.

Christina S. Swann, called plaintiff, brought an action

of *assumpsit* to recover the sum of $2,500, under a policy of insurance issued by defendant to her husband, in which policy she was named as beneficiary.

Upon the former trial, the case was submitted to the court "upon the declaration, the policy of insurance, the special plea of the defendant and the replication thereto of the plaintiff." On motion of the defendant, the court struck out the replication of plaintiff. Thereupon, the plaintiff declining to plead further, the court entered judgment for the defendant. A writ of error was granted, the case was reviewed, the judgment of the lower court reversed and the case remanded for a new trial. The determinative question upon the former writ of error involved the action of the trial court in striking out the plaintiff's replication to defendant's special plea. The opinion of the court, delivered by Mr. Justice Gregory, deals extensively with the relative rights of the insured and the company, under the following relevant provisions of the policy:

"In consideration of the payment of the premium mentioned on the first page of said contract, and subject to all the terms and conditions thereof:

*"Disability Defined.*—Atlantic Life Insurance Company hereby agrees that if, prior to attaining the rated age of sixty years, while this contract is in full force (not continued as paid-up or extended term insurance) the insured shall furnish proof satisfactory to the company that, from causes originating after delivery of this contract, and entirely beyond the control of the insured, he has become totally and permanently disabled, and will by such disablement be prevented for life from engaging in any gainful occupation, the company shall by endorsement hereon agree to

*"Premium Waived.*—1. Continue the contract without requiring the payment of premiums, if any, thereafter falling due during the continuance of such disability, during which period the right of the insured to dividends (payable only in cash), surrender values and all other benefits

under said contract shall continue with the same force and effect as if premiums were duly paid by the insured; or in lieu thereof, * * *."

Pursuant to the mandate of this court, a new trial was had before a jury, and it resulted in a verdict and judgment in favor of the plaintiff in the sum of $2,500.

The record discloses that in October, 1921, the defendant issued the policy involved, on the life of Harry K. Swann, Jr., the husband of the plaintiff. The plaintiff was designated as the beneficiary thereunder. For a period of years the premiums were paid as they fell due. In September or October, 1928, the insured became totally and permanently disabled from engaging in any gainful occupation, and continued in that condition until the date of his death, April 28, 1929. The premium due October 27, 1928, was not paid and was lapsed on defendant's records, with the exception of extended term insurance which was purchased by the loan value, amounting to $8.58, and which expired on March 25, 1929. During the period of disability no proof of his condition was furnished to the defendant by insured.

Relying upon the former opinion, plaintiff contends that the failure to furnish proof of insured's disability should not bar a recovery, for the reason that insured was incapable of engaging in any gainful occupation, and that the giving of notice and proof of disability was not a condition precedent to the right to a waiver of premiums. Followed to its logical conclusion, plaintiff's argument would lead to the result that total and permanent disability which would prevent insured from engaging in any gainful occupation is equivalent to the insured's being mentally and physically incapable of furnishing proof or giving notice.

The contention rests upon a misconception of the opinion. The court did hold: "That the giving of notice and proof of disability was not a condition precedent to the right to a waiver of premiums where the insured, through

no fault of his own, has become, while the policy is in force, mentally and physically incapable of giving the notice or furnishing the proofs to the company, * * *."

The effect of that holding, however, was not to eliminate from the contract all provisions relative to the giving of notice or the furnishing of proof of the disability. The court was not dealing with such a disability as prevented the insured from engaging in a gainful occupation, but was dealing with the issue raised by plaintiff's replication that the insured was "mentally and physically incapable of furnishing proofs."

The misconception of the former opinion was further accentuated in the giving of this instruction:

■ "The court instructs the jury that the plaintiff must show by the preponderance of the evidence, (1) the existence of the contract of insurance; (2) the death of the insured; (3) that the insured was totally and permanently disabled; (4) that such disability existed on or prior to October 27, 1928; (5) that such total disability existed until the date of the death of the insured; (6) ordinarily the plaintiff would have to show by the preponderance of the evidence that the insured or some one in his behalf had, while the contract was in full force and effect, notified the company or had furnished due proofs to the company of his disability; in this case there is no evidence that such notice was given or proofs were filed; in order, therefore, for the plaintiff to recover of the defendant, she must show, by the preponderance of the evidence, that the insured was, during the entire time between the onset of his disability, if any, and his death, *reasonably incapable* of notifying the company of his disability or of furnishing the company proof of such disability.

"If the plaintiff establishes by the preponderance of the evidence each and every one of these things, then she is entitled to a verdict, but should she fail to establish any one of the above items, she cannot recover anything of the defendant." (Italics added.)

■

The insertion of the word "reasonably" in the instruction renders it erroneous. To be relieved of the necessity of giving notice or furnishing proof, the insured must be totally (either physically or mentally) incapacitated from acting in the matter.

Defendant concedes that from the onset of insured's malady he was incapable of engaging in any gainful occupation, but denies that he was physically or mentally incapable of filing proof from the date of the onset of the disability to the date of his death, and asserts that the burden was upon the plaintiff to show such total incapacity.

One of the assignments of error is that the verdict of the jury is contrary to and not supported by the evidence. In our opinion the assignment is well founded, and this conclusion renders a discussion of the other assignments unnecessary.

In this case we are not confronted with a verdict of a jury on conflicting evidence upon the issue of the physical or mental incapacity of the insured, for the reason that the jury, under the erroneous instruction, have only passed on the question of whether or not insured was "reasonably" incapable of notifying the company of his disability or of furnishing the company proof of such disability.

A careful examination of the evidence discloses that the plaintiff has failed to carry the burden of proof imposed upon her. On the other hand, from the evidence of numerous witnesses, we can draw only one conclusion, and that is that the insured was neither physically nor mentally incapacitated from performing his part of the contract of insurance in regard to furnishing proof, or giving the required notice.

The verdict of the jury will be set aside, the judgment of the trial court will be reversed, and this court will enter final judgment in favor of the Atlantic Life Insurance Company.

*Reversed.*