491 P.2d 85 (1971)
James G. GLEASON and Betty Gleason, Plaintiffs-Appellees,
v.
Woodrow J. FRYER and Ronald D. William, Defendants, Safeco Insurance Company, Garnishee-Appellant.
No. 70-476, (Supreme Court No. 24803.)
Colorado Court of Appeals, Div. II.
September 28, 1971.
Rehearing Denied October 27, 1971.
Thomas C. Singer, Denver, for plaintiffs-appellees.
Yegge, Hall & Evans, Wesley H. Doan, Denver, for garnishee-appellant.
Selected for Official Publication.
DUFFORD, Judge.
This case was transferred from the Supreme Court pursuant to statute.
In a suit against Woodrow Fryer based on personal injuries received in an automobile accident in which he was involved, James G. and Betty Gleason were granted a default judgment against Fryer. In the damage action, the appellant, Safeco Insurance Company, as the insurer of Fryer had filed an answer on Fryer's behalf. However, that answer was stricken for Fryer's failure to appear for deposition. The case was ultimately submitted to a jury only on the issue of damages, and judgment was entered in the amount of $5,825.00, which amount included $2,500 compensatory damages, $2,500 punitive damages, and interest. They were also awarded costs.
Plaintiffs then caused a writ of garnishment to be served upon Safeco Insurance Company, as insurer of Fryer under a blanket liability policy. Safeco answered that it was not indebted to Fryer, and that it had in its possession no property in which he was interested. Through a traverse of the garnishee's answer, Gleasons responded that Safeco was legally obligated *86 to pay, on behalf of Fryer, the amount awarded them because their damage award was an insured loss under Fryer's policy with Safeco. This issue of Safeco's liability was then tried to the court sitting without a jury. On such question, the court found that Safeco was indebted to Fryer to the extent of the Gleasons' entire judgment plus additional accrued interest, and the Gleasons were granted judgment against Safeco in that amount. The garnishee, Safeco, appeals from that judgment.
The defenses presented by Safeco in the garnishment proceeding, and urged now on appeal, depend on two assertions. First, Safeco points to a clause in its contract by which Fryer, in the event of a claim, agreed to participate in Safeco's conduct of his defense. Safeco maintains that, despite its diligent efforts to contact him in order to procure his participation, Fryer failed to appear for his deposition as requested by Gleasons' counsel. Safeco assigns as error the trial court's finding that it had not shown how it was injured by this failure to cooperate, and the finding that Safeco had not proved sufficient diligence on its part in locating Fryer in order to secure his participation in the defense of the action. Secondly, Safeco assigns as error the inclusion of punitive damages in the garnishment judgment.

I.
In support of its contention that it made a diligent effort to secure the cooperation of Fryer, Safeco offered evidence that it had attempted to contact him by certified mail and through searches in the Texas communities to which Fryer was believed to have moved from Denver. However, there was also evidence that, after the commencement of the Gleasons' damage action, Fryer spent time in Denver at the residence of his wife and that Safeco did not attempt to contact him on such occasion. Considering this evidence, and the record as a whole, we hold that the trial court was justified in finding that the insurer did not demonstrate diligence to a degree that entitled it to avoid liability through the non-cooperation clause; and this Court will not disturb the finding of the trial court on review. Adler v. Adler, 167 Colo. 145, 445 P.2d 906.

II.
Under the terms of the insurance contract, Safeco agreed:
"To pay, * * * on behalf of the insured, all sums which the insured shall become legally obligated to pay as damages because of an occurtence which causes bodily injury, sickness or disease. * * *"
Safeco contends that the exemplary damages awarded by the jury did not arise from the accident which caused the physical injury on which the suit was based, but rather were prompted by the intentional misconduct of Fryer.
In Universal Indemnity Insurance Co. v. Tenery, 96 Colo. 10, 39 P.2d 776, the Supreme Court stated that an award of exemplary damages is intended primarily as punishment for a person's wrongful acts and as an example to others. That decision further holds that such an award is not compensation for injuries suffered because of the negligence of the insured party, and that, where the insurance contract provides only for indemnification against bodily injuries, the insurer incurs no liability as to exemplary damages. Under the rule in Universal Indemnity Insurance Co. v. Tenery, supra, Safeco cannot be held responsible for Fryer's liability for punitive damages. The trial court, therefore, erred in permitting plaintiff to recover punitive damages from the garnishee, and the judgment must be modified in this regard.
The judgment is affirmed as to the liability of garnishee; however, this cause is remanded with the directions that the trial court modify the garnishment judgment by deducting therefrom all sums allocable to the Gleasons' punitive damage award.
DWYER and ENOCH, JJ., concur.