JAMES M. MOORE

V.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Record No. 931558

September 16, 1994

Present: All the Justices

*Thomas L. Phillips, Jr.; Leslie S. Stargell (Phillips, Morrison & Alexander*, on brief), for appellant.

*Henry M. Sackett, III (James O. Watts, IV; Edmunds & Williams*, on brief), for appellee.

JUSTICE KEENAN delivered the opinion of the Court.

In this automobile insurance case, we determine whether expenses for treatment of bodily injuries, sustained by an insured when struck by a "family-class stock car" at an automobile race track, are excluded from coverage under the medical payments provisions of his insurance policy.

In April 1991, James M. Moore was injured at the Natural Bridge Speedway when he was struck by a vehicle operated by Milton Patrick Shores, Jr. Shores was driving his vehicle in a "warm-up" prior to the beginning of a race. At the time of the accident, Moore was standing on the edge of the race track.

Moore was insured by a family automobile policy, issued by State Farm Mutual Automobile Insurance Company (State Farm), which afforded $20,000 coverage for medical payments. The policy provided that State Farm would pay reasonable medical expenses to an insured injured "through being struck by an automobile or by a trailer of any type." However, the policy expressly excluded coverage for injuries sustained "through being struck by . . . a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads."

State Farm denied Moore's claim for payment of medical expenses resulting from the accident. Thereafter, Moore filed a motion for judgment against State Farm alleging breach of the policy contract terms.

The evidence at the bench trial showed that Moore was struck by a Chevrolet Nova automobile that had been modified to meet the requirements of a family-class stock car. Such stock cars must

be factory models originally sold for regular highway use. No changes in the body frame are permitted and the engines must be factory stock, with no modifications for racing. The vehicles may not be equipped with racing wheels or tires and no fuel injection systems are allowed.

At the time of the accident, Shores's vehicle had been modified so that, among other changes, it had no head lights or tail lights, no turn signals, no muffler, no side mirrors, and no working emergency brake. The vehicle was used exclusively for racing on race tracks.

The trial court ruled that the exclusionary language of Moore's policy is unambiguous and excludes medical payments coverage for his injuries. In reaching its decision, the trial court relied on *State Farm Mutual Automobile Insurance Co. v. Gandy*, 238 Va. 257, 383 S.E.2d 717 (1989), in which this Court held that an identical policy exclusion precluded coverage for an injury incurred when an insured's foot was "run over" by a forklift while he was standing on private property. The trial court entered judgment in favor of State Farm, and this appeal followed.

Moore first asserts that his claim falls within an express grant of coverage under the policy language, because he was struck by an "automobile." He further contends that the circumstances of his injury do not fall unambiguously within the exclusion "through being struck . . . by a farm type tractor or other equipment designed for use principally off public roads."

In response, State Farm notes that, in *Gandy*, identical exclusionary language was held to be unambiguous. *Id.* at 261, 383 S.E.2d at 719. Further, State Farm argues that this language unambiguously excludes coverage for medical expenses incurred as a result of being struck by a family-class stock car. We disagree with State Farm's conclusion.

■ In resolving this issue, we are guided by settled principles. As this Court stated in *State Farm Fire & Casualty Co. v. Walton*, 244 Va. 498, 423 S.E.2d 188 (1992):

An insurance policy is a contract; therefore, we give the words used in this policy their ordinary and usual meaning when they are susceptible of such construction. *Graphic Arts Mut. Ins. Co. v. C.W. Warthen Co.*, 240 Va. 457, 459, 397 S.E.2d 876, 877 (1990). If the policy language is unambiguous, we do not resort to rules of construction. *Virginia Farm*

*Bureau Mut. Ins. Co. v. Hodges*, 238 Va. 692, 696, 385 S.E.2d 612, 614 (1989). We simply apply the terms of the policy as written. *United Services Auto. Ass'n v. Webb*, 235 Va. 655, 657, 369 S.E.2d 196, 198 (1988).

*Id.* at 502, 423 S.E.2d at 191.

State Farm does not contest Moore's assertion that he was struck by an "automobile," as that word appears in the grant of medical payments coverage. Instead, State Farm relies solely on the exclusionary language at issue.

■ We first conclude that the family-class stock car that struck Moore is within the class of vehicles embraced by the word "automobile" found in the grant of medical payments coverage. In its original manufacture, the stock car was a mass-produced automobile, and the modifications later made to the car were not so extensive as to transform its nature into anything other than an "automobile," as that word is commonly understood.

■ Since this vehicle falls within the grant of medical payments coverage, we must next consider whether this family-class stock car is, in the language of exclusion, "a farm type tractor or other equipment designed for use principally off public roads." As we held in *Gandy*, the language of this exclusion is unambiguous. 238 Va. at 261, 383 S.E.2d at 719. Thus, we apply the language as written in order to effectuate the intention of the parties to the insurance contract. *Walton*, 244 Va. at 502, 423 S.E.2d at 191. We also recognize that, to bar coverage, exclusionary language must clearly bring the particular event, thing, or circumstances in question within its scope. *See Floyd v. Northern Neck Ins. Co.*, 245 Va. 153, 158, 427 S.E.2d 193, 196 (1993).

■ Applying these principles, we hold that the family-class stock car that caused Moore's injury is not "a farm type tractor or other equipment designed for use principally off public roads." The exclusionary language does not bring this modified Chevrolet Nova automobile within its scope, because the automobile was not so altered as to place it clearly within the class of "equipment designed for use principally off public roads." Thus, the vehicle that struck Moore remains an "automobile" as to which coverage is provided. *See Floyd*, 245 Va. at 158, 427 S.E.2d at 196.

For these reasons, we will reverse the judgment of the trial court and remand the case for further proceedings consistent with the principles expressed in this opinion.

*Reversed and remanded.*