**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ATLAS INSURANCE COMPANY,
Plaintiff-Appellee,

v.

No. 95-2404

WILLIAM CHAPMAN; CHAPMAN
LUMBER COMPANY, INCORPORATED,
Defendants-Appellants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
J. Calvitt Clarke, Jr., Senior District Judge.
(CA-95-74-2)

Argued: June 3, 1996

Decided: July 23, 1996

Before WILKINSON, Chief Judge, and NIEMEYER and
HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Kenneth Hicks Lambert, Jr., WILLIAMS, KELLY &
GREER, P.C., Norfolk, Virginia, for Appellants. Charles Garrison
Meyer, III, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P.,
Richmond, Virginia, for Appellee. **ON BRIEF:** Christopher R.
Papile, WILLIAMS, KELLY & GREER, P.C., Norfolk, Virginia, for
Appellants.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants in this case, Chapman Lumber and its owner William Chapman, waited for more than four months after an accident occurred to notify the liability insurer, Atlas Insurance Company. Atlas denied coverage because the delay violated the contract provision requiring notification "as soon as possible" after an accident. William Chapman and the Chapman Lumber Company appeal the district court's grant of summary judgment in favor of Atlas Insurance. Because appellants delayed inexcusably in notifying Atlas of the accident, we affirm the judgment of the district court.

I.

On October 28, 1993, at the Chapman Lumber Company yard, a large timber beam fell from a front loader onto J.D. Barnes. Barnes had been hired by William Chapman--his friend and the owner of Chapman Lumber--to do some carpentry work on a small building that was being moved to a new location in the mill yard. The sixteen-foot beam broke Barnes' leg and fractured his lower back. Barnes was taken by ambulance to the hospital, where he stayed for one week.

William Chapman, who was not at the lumber yard at the time of the accident, was notified immediately. He instructed his secretary to tell the hospital that Chapman Lumber would pay Barnes' medical bills. Chapman's secretary also passed this message on to Barnes as he was being loaded into the ambulance. Chapman Lumber subsequently paid more than $14,000 for Barnes' medical bills.

On March 3, 1994, Chapman received a letter from Barnes' attorney signalling Barnes' intent to bring a personal injury claim against Chapman Lumber. At this point, 126 days after the accident, Chapman first called and wrote Atlas to give notice of the accident. Atlas

2

began an immediate investigation. On May 6, 1994, Atlas notified Chapman of its decision not to cover Barnes' claim because of Chapman's delay in notification and the company's voluntary payment of Barnes' medical expenses without Atlas' knowledge or consent.

In October 1994, Barnes' attorney mailed another letter to Atlas and Chapman demanding $300,000. Atlas then filed a declaratory judgment action to determine its obligations under the policy. The district court ruled in favor of Atlas' summary judgment motion releasing it from any liability.

II.

The insurance contract between Atlas and Chapman Lumber requires that Chapman Lumber give notice to Atlas "as soon as practicable after an `occurrence' or offense which may result in a claim." William Chapman knew on October 28, the day of the accident, that Barnes had been seriously injured while working at Chapman Lumber and had been taken to the hospital by ambulance. Chapman knew on that day and in the weeks to follow that Barnes was incurring, and Chapman Lumber paying, significant medical costs. Yet Chapman notified Atlas 126 days after the fact.

Chapman Lumber had no legitimate justification for its four month delay in notification. When asked why he didn't notify Atlas on the day of the accident, Chapman replied that "[t]here was no reason--a physical reason to prohibit me from doing it." The only explanation that Chapman offered was that he and Barnes had known each other for years, and while he felt an obligation to reimburse Barnes for medical expenses, it never occurred to him that Barnes would seek additional damages. This justification may have had some plausibility if offered by an unsophisticated private individual. But Chapman Lumber is a business enterprise, presumably familiar with standard contract provisions like the one at issue in this case. Its failure to notify Atlas cannot properly be excused.

These undisputed facts establish a material breach of contract by Chapman and Chapman Lumber, releasing Atlas from any obligation it might otherwise have to cover the Barnes accident. This conclusion holds true regardless of whether Atlas was prejudiced by the delay,

as prejudice is only one of several factors which may be considered when determining whether a breach was material. State Farm Fire and Casualty Co. v. Scott, 372 S.E.2d 383, 385 (Va. 1988); Nationwide Mut. Ins. Co. v. Gentry, 117 S.E.2d 76, 81 (Va. 1960). Here, the unjustified 126 day delay sufficiently established a substantial and material breach.

III.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

4