Present:  All the Justices

VIRGINIA FARM BUREAU
MUTUAL INSURANCE COMPANY

v.  Record No. 990247    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                      January 14, 2000
CHARMAYNE GILE, AN INFANT, ET AL.


                FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
                       Donald R. Mullins, Judge


     In this appeal, we consider whether the trial court erred in concluding that a child who lives with her mother and her mother's male companion is the "foster child" of that companion and, thus, is an "insured" person as those terms are defined in his motor vehicle liability insurance policy.

     The facts in the case are undisputed.  In August 1996, 16-year-old Charmayne Gile was injured in an automobile accident while riding as a passenger in a vehicle owned and operated by Maria Lynn Dye.  The accident occurred when Dye's vehicle collided with a vehicle owned and operated by Norman Russell Carter, Jr.  Both vehicles were insured under motor vehicle liability insurance policies, and the terms of those policies are not at issue in this appeal.

     At the time of the accident, Charmayne lived with her mother, Tyna Gile, and Tyna Gile's companion, Danny J. Beavers, Jr., the named insured of the policy at issue in this case.

Tyna Gile and Beavers were not married to each other but had cohabited since 1989.

Charmayne was not related to Beavers by blood or marriage and had not been designated as Beavers' ward or foster child in any legal proceeding. However, Beavers had "acted like Charmayne's father" since Beavers and Tyna Gile began living together, and he "look[ed] upon [her] as though she were his own daughter." Charmayne, in turn, looked to Beavers exclusively for "paternal love, affection, care, comfort, education, emotion[al] support, and guidance."

At the time of the accident, Beavers owned an automobile that was insured under a policy (the policy) issued by the Virginia Farm Bureau Mutual Insurance Company (Farm Bureau). The uninsured/underinsured (UM/UIM) motorist provisions of the policy define "PERSONS INSURED," among other things, as "the named insured and, while residents of the same household, the spouse of the named insured, and relatives, wards or foster children of either." The medical expense benefits provisions of the policy provide coverage that includes "the named insured or any relative who sustains bodily injury while occupying a motor vehicle." The policy defines "relative" as "a person related to the named insured by blood, marriage or adoption, including wards or foster children, who is a resident of the same

2

household as the named insured."  The policy does not define the term "foster children."

Charmayne, by her next friend, filed a motion for judgment against Carter alleging that she sustained personal injuries as a result of his negligence.  A copy of the motion for judgment was served on Farm Bureau pursuant to Code § 38.2-2206.  Farm Bureau then filed a motion for declaratory judgment against Charmayne, Tyna Gile, and Beavers (collectively, Gile), seeking a declaration that Charmayne is not an insured person under the UM/UIM and medical expense benefits provisions of Beavers' policy.

After considering the parties' admissions and stipulated testimony, the trial court ruled that Charmayne is Beavers' "foster child" and, thus, is an insured person under both policy provisions.  The court concluded:

> [I]t appears for all intents and purposes, that Danny Beavers considered Charmayne Gile as his foster child, as that term is understood using a broad definition; that the subject policy of insurance did not provide a definition limiting, qualifying, or excluding the use of a broad definition; [and] that a foster child should be afforded the same consideration as a child by blood or marriage . . .

On appeal, Farm Bureau argues that Charmayne was not Beavers' "foster child" under the policy provisions because that term has a clear meaning governed by statute.  Farm Bureau contends that a "foster child" is a child who has been placed in

a foster home by the Department of Social Services or a court under a foster care plan, pursuant to Code §§ 16.1-281 and -282, when the child's natural parents are unable to care for her. Farm Bureau asserts that the trial court's application of a more general definition of the term is erroneous because this application potentially permits an extension of coverage to any child residing in the home of a named insured.

In response, Gile argues that the term "foster child" is ambiguous and, therefore, must be strictly construed against the insurer and in favor of providing coverage. Gile contends that under common usage, the term "foster child" means "a child raised by someone who is not [her] natural or adoptive parents," and that this general definition should be applied to afford her coverage under the Farm Bureau policy. Since Charmayne is being raised by Beavers, who is not her natural or adoptive parent, Gile asserts that Charmayne is Beavers' "foster child" within the meaning of this policy term.[*] We disagree with Gile's arguments.

The language at issue under the UM/UIM provisions of the Farm Bureau policy is taken directly from Code § 38.2-2206(B),

---

[*]Gile also raised alternative arguments in the trial court that Charmayne is Beavers' "ward" or relative by "adoption," as those terms are used in the policy. Since Gile did not assign cross-error to the trial court's failure to rule in her favor on these issues, we do not address these arguments on appeal. Rule 5:18(b).

4

which provides in relevant part: "[*i]nsured . . .* means the named insured and, while resident of the same household, the spouse of the named insured, and relatives, wards or foster children of either." Since this language was drafted by the legislature, rather than by the insurer, the construction of this particular policy language presents a question of statutory interpretation. Although we will construe the statutory language liberally to accomplish the intended purpose of the uninsured motorist statute, we nevertheless are bound by the plain meaning of the words that the legislature chose in drafting the statute. See Tudor v. Allstate Insurance Co., 216 Va. 918, 921, 224 S.E.2d 156, 158 (1976); Rose v. Travelers Indemnity Co., 209 Va. 755, 758, 167 S.E.2d 339, 342 (1969).

The above-quoted language of Code § 38.2-2206(B) unambiguously refers to relationships recognized by law. Since the term "foster child" is not defined in Code § 38.2-2206 or in any other section of Title 38.2, we apply the term "foster child" by reference to other statutes.

While Title 16.1 does not define the term "foster child," Code § 16.1-228 defines "[f]oster care services" as

> the provision of a full range of casework, treatment and community services for a planned period of time to a child who is abused or neglected as defined in § 63.1-248.2 or in need of services as defined in this section and his family when the child (i) has been identified as needing services to prevent or eliminate the need for foster care placement, (ii) has been placed through an agreement between the local

5

board of social services or a public agency designated by the community policy and management team and the parents or guardians where legal custody remains with the parents or guardians, (iii) has been committed or entrusted to a local board of social services or child welfare agency, or (iv) has been placed under the supervisory responsibility of the local board pursuant to § 16.1-293.

By implication, therefore, a "foster child" is a child who receives "foster care services" under the circumstances specified in the statute, after a determination has been made that the child is abused, neglected, or otherwise in need of services. The record before us does not show that Charmayne is a recipient of such services. Moreover, Gile admitted in the trial court that Charmayne "had not been designated as a . . . foster child of Danny D. Beavers, Jr., by any court or Department of Social Services or any other government agency."

We conclude, therefore, that the term "foster child," as used in Code § 38.2-2206(B), does not encompass the type of relationship Charmayne has with Beavers. A contrary conclusion is unsupportable because the substance of this type of relationship can be determined only from a subjective assessment of its length and quality. Therefore, we hold that the trial court erred in concluding that Charmayne was covered under the UM/UIM provisions of Beavers' policy as his "foster child."

We next consider whether the trial court erred in determining that Charmayne was Beavers' "foster child" under the medical expense benefits provision of the policy. The term

"foster child" does not appear in Code § 38.2-2201, the statute providing for payment of medical expense benefits, but Farm Bureau incorporated the term in this portion of the contract by including "foster child" in its definition of "relative." Since use of the term "foster child" in this part of the policy does not appear in the context of language taken directly from a statute, we consider this term in the insurance contract under familiar principles applicable to the interpretation of insurance policies. If a term in a policy is ambiguous, we construe the term in favor of coverage. S.F. v. West Am. Ins. Co., 250 Va. 461, 464, 463 S.E.2d 450, 452 (1995); Granite State Ins. Co. v. Bottoms, 243 Va. 228, 234, 415 S.E.2d 131, 134 (1992); Virginia Farm Bureau Mut. Ins. Co. v. Hodges, 238 Va. 692, 696, 385 S.E.2d 612, 614 (1989). However, if the disputed policy language is unambiguous, we apply its terms as written. Osborne v. National Union Fire Ins. Co., 251 Va. 53, 56, 465 S.E.2d 835, 837 (1996); Moore v. State Farm Mut. Auto. Ins. Co., 248 Va. 432, 435, 448 S.E.2d 611, 613 (1994); State Farm Fire and Cas. Co. v. Walton, 244 Va. 498, 502, 423 S.E.2d 188, 191 (1992).

As stated above, the term "relative" is included in the policy definition of "injured person" that applies to the payment of medical expense benefits under the policy. "Relative" is defined by the policy as "a person related to the

7

named insured by blood, marriage or adoption, including a ward or foster child, who is a resident of the same household."  We conclude that the term "foster child," as employed in this definition, unambiguously refers to a child who resides in the same household with the named insured and has a relationship recognized by law with the named insured.  Our conclusion is based on the context in which the term is used, which exclusively describes such relationships recognized by law.  Thus, we hold that the term "foster child," as incorporated in the medical expense benefits portion of the policy, has a meaning identical to the use of that term in the UM/UIM portion of the policy.

For these reasons, we will reverse the trial court's judgment and enter final judgment in favor of Farm Bureau declaring that Charmayne is not Beavers' "foster child" under the terms of the policy presented in this appeal.

Reversed and final judgment.
