**Betty H. LYON, D.D.S., Plaintiff,**

v.

**THE PAUL REVERE LIFE INSURANCE COMPANY, Defendant.**

**No. CIV.A.3:01 CV 00012.**

United States District Court, W.D. Virginia, Charlottesville Division.

March 12, 2002.

David E. Constine and Richard F. Hawkins, III, Troutman Sanders LLP, Counsel to Defendant Unum Life Ins. Co. of America.

Richard H. Milnor, Taylor, Zunka, Milnor & Carter, Ltd., Charlottesville, VA, Counsel to Plaintiff Betty H. Lyon, D.D.S.

## OPINION

MOON, District Judge.

## I. INTRODUCTION

Plaintiff Betty Lyon, D.D.S. ("Dr.Lyon") has sued Defendant Paul Revere Life Insurance Company ("Paul Revere") to recover disability benefits to which she claims she is entitled pursuant to a Paul Revere insurance policy. However, because Dr. Lyon did not file her claim with Paul Revere within the time required by her policy, the insurance company properly denied her claim. As a result, Defendant's Motion for Summary Judgment shall be granted.

## II. STATEMENT OF FACTS

The facts relevant to the Court's inquiry are not in dispute.

Dr. Lyon is a dentist licensed to practice in the Commonwealth of Virginia. After graduating from the Medical College of Virginia in 1990, she began working with John S. Lyon, D.D.S., Inc., a general dental practice owned by her husband.

On September 20, 1990, Paul Revere issued Dr. Lyon a "Disability Income Policy" ("Policy"). The Policy entitles the Plaintiff to total disability benefits should she become "unable to perform the important duties of" her job.[1] The Policy also

---

1. The Policy reads, in relevant part:
"Total Disability" means that because of Injury or Sickness:
   a. You are unable to perform the important duties of Your Occupation; and

   b. You are receiving Physician's Care. We will waive this requirement if we receive written proof acceptable to Us that further Physician's Care would be of no benefit to you.

allows Dr. Lyon to receive partial disability benefits if she should become partially disabled and could only perform some of the job duties of her occupation.[2]

Like many other policies, Dr. Lyon's Policy requires that in the event she suffers a covered loss, she must notify her insurance company within a certain amount of time. In Dr. Lyon's Policy, this time requirement is outlined in a section entitled, "Written Notice of Claim." It reads, "Written notice of a claim must be given to Us within 30 days after a covered loss starts, or as soon as reasonably possible. The notice will be sufficient if it identifies You and is sent to Our Home Office, 18 Chestnut Street, Worcester, Massachusetts 01608, or is given to Our agent."

On a June 1994 vacation to Hawaii, Dr. Lyon slipped, fell, and fractured her right wrist at a Hyatt Regency Hotel. The next month, Dr. Lyon wrote Paul Revere to inform the Company that her injury left her totally disabled and unable to work. In response, Paul Revere approved Dr. Lyon's claim; the company paid her total disability benefits for a period beginning from her June 24 fall.

After learning that Dr. Lyon would return to work, Paul Revere sent Dr. Lyon her final disability payment on December 6, 1994. In its accompanying letter to Dr. Lyon, Paul Revere stated, in part, "The enclosed check represents a payment of total disability benefits to December 5, 1994, along with an additional month of benefits under the return to work provision of your contract to assist you in your return." In her deposition, Dr. Lyon stated that she understood the benefit payments to be final. On January 5, 1995, Paul Revere closed its file on this case.

More than two years later, on January 21, 1997, Dr. Lyon called Paul Revere to inform them that she had never been able to return to work. On April 7, 1997, Dr. Lyon submitted a second claim to Paul Revere. In her letter, received by Paul Revere on April 22, Dr. Lyon sought total disability benefits for the period between January, 1995 and April, 1997.

In June, 1997, Robert Dietch, a Paul Revere Field Representative, met with Dr. Lyon in Charlottesville and discussed her claim for about one-and-a-half hours. According to Dr. Lyon, Mr. Dietch told her that he believed that her second claim was a valid one, and that would arrange for Paul Revere to pay her benefits for some portion of 1997. Mr. Dietch also indicated that Dr. Lyon would be entitled to participate in a vocational rehabilitation program

---

2. The Policy reads, in relevant part:
"Residual Disability," prior to the Commencement Date, means that due to Injury or Sickness:
   a. (1) You are unable to perform one or more of the important duties of Your Occupation; or
   (2) You are unable to perform the important duties of Your Occupation for more than 80% of the time normally required to perform them; and
   b. Your Loss of Earnings is equal to at least 20% of your Prior Earnings while you are engaged in Your Occupation or another occupation; and
   c. You are receiving Physician's Care. We will waive this requirement if We receive written proof acceptable to Us that further Physician's Care would be of no benefit to You.
As of the Commencement Date, Residual Disability means that due to the continuation of that Injury or Sickness:
   a. Your Loss of Earnings is equal to at least 20% of your Prior Earnings while You are engaged in Your Occupation or another occupation; and
   b. You are receiving Physician's Care. We will waive this requirement if we receive written proof acceptable to Us that further Physician's Care would be of no benefit to you.

while she received her total disability coverage.

Eventually, however, Paul Revere denied her claim on several grounds, including that her claim for benefits was untimely filed. Dr. Lyon filed suit in January, 2001.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment should be granted only if, viewing the record as a whole in the light most favorable to the non-moving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Continental Airlines, Inc. v. United Airlines, Inc.,* 277 F.3d 499, 508 (4th Cir.2002); *Terry's Floor Fashions, Inc. v. Burlington Industries, Inc.,* 763 F.2d 604, 610 (4th Cir.1985). In considering a motion for summary judgment, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the non-moving party." *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.1994) (citations omitted).

### IV. ANALYSIS

In Virginia, insurance policies are contracts. *See State Farm Fire and Cas. Co. v. Walton,* 244 Va. 498, 502, 423 S.E.2d 188, 191 (1992). In the absence of ambiguity, Virginia courts will give a policy's words their ordinary and customary meaning, and apply them as written. *See .id.* (citing *Graphic Arts Mut. Ins. Co. v. C.W. Warthen Co.,* 240 Va. 457, 459, 397 S.E.2d 876, 877 (1990); *Virginia Farm Bureau Mut. Ins. Co. v. Hodges,* 238 Va. 692, 696, 385 S.E.2d 612, 614 (1989); *United Services Auto. Ass'n. v. Webb,* 235 Va. 655, 657, 369 S.E.2d 196, 198 (1988)).

■ Given this adherence to the plain language of a contract, it is not surprising that Virginia courts have held that unambiguous "notice of claim" provisions are enforceable under Virginia law. *See Walton,* 244 Va. at 503, 423 S.E.2d at 191. In addition, such provisions constitute conditions precedent to coverage under the insurance policy. *See Liberty Mutual Ins. Co. v. Safeco Ins. Co. of America,* 223 Va. 317, 323, 288 S.E.2d 469, 474 (1982) (citing *State Farm v. .Porter,* 221 Va. 592, 272 S.E.2d 196 (1980)); *Atlantic Life Ins. Co. v. Swann,* 160 Va. 125, 129–30, 168 S.E. 423, 424–25 (1933). If an insured does not comply with the notice of claim provisions, she will likely be denied coverage. *See id.*

In this case, Dr. Lyon's Policy provides the time frame in which the insured party must provide Paul Revere written notice of the claim. The relevant text—entitled "9.2 WRITTEN NOTICE OF CLAIM" and bordered with the question, *"When must written notice be given?"*—reads as follows:

> Written notice of claim must be given to Us within 30 days after a covered loss starts, or as soon as reasonably possible. The notice will be sufficient if it identifies You and is sent to Our Home Office, 18 Chestnut Street, Worcester, Massachusetts 01608, or is given to Our agent.

Because the notice of claim language in Dr. Lyon's Policy is clear and unambiguous, this Court shall apply the provision to this case. Therefore, the next question becomes whether Dr. Lyon provided Paul Revere with "[w]ritten notice of claim ... within 30 days after a covered loss starts, or as soon as reasonably possible."

■ Dr. Lyon submitted her first claim to Paul Revere in July, 1994, after which she received total disability benefits until January, 1995, when she returned to work. After that point, she received no further payments from Paul Revere. Then, in April, 1997, more than two years after her total disability benefits had concluded, she

submitted her second claim. In this request, Dr. Lyon sought total disability benefits from Paul Revere beginning from January, 1995—after her prior disability benefits had concluded. In this case therefore, Dr. Lyon did not submit her second claim to Paul Revere "within 30 days" after her covered loss was alleged to have started. As a result, this Court must now decide whether she submitted her claim to Paul Revere as soon as was "reasonably possible."

Considerable authority leads this Court to conclude that she did not. In Virginia, Plaintiffs who wait to file their claims well after a covered loss occurs are considered to have breached their insurance contract. For example, in *Walton*, the Virginia Supreme Court considered the case of a party who filed a claim with his insurance company over two years after learning that he would be the defendant in a civil suit arising out of a fire that he helped to start. 244 Va. 498, 503, 423 S.E.2d 188, 191 (1992). The court concluded that this long delay constituted a "substantial and material" breach of his insurance policy, which required its insured to "give written notice to us or our agent as soon as practicable" in the event of a potential covered occurrence. *Id.* at 505, 423 S.E.2d at 192.

*Dan River, Inc. v. Commercial Union Ins. Co.*, 227 Va. 485, 490–91, 317 S.E.2d 485, 488 (1984), concerned a similar notice provision, which provided that, in the event of an "occurrence" which, "in the opinion of the insured, involves or may involve liability on the part of the company,

prompt written notice shall be given . . . to the company . . . ." In *Dan River*, the court held that a company had a contractual duty to notify its insurance company within "a reasonable time" after it was named as a defendant in a racial discrimination suit. *Id.* Instead, the company waited seven years to file its insurance claim, and was held to have breached the insurance policy. *Id. See also Liberty Mutual*, 223 Va. at 324, 288 S.E.2d at 473 (holding that a 51–day delay in notifying the insurance company breached a policy which required the insured to provide written notice to the company "as soon as practicable" after an occurrence).[3]

In this case, Dr. Lyon seeks benefits under a policy which requires that she provide Paul Revere with written notice of her disability "as soon as reasonably possible." However, for this second claim, Dr. Lyon chose not to notify Paul Revere until April, 1997—more than two years after she suffered whatever loss she may have suffered in 1995.

In response, Dr. Lyon argues that she is entitled to the disability benefits because one of Paul Revere's field agents, Robert Dietch, stated to her in June, 1997 that Paul Revere would pay her benefits for some period of 1997. Dr. Lyon also stated that she made one phone call to Paul Revere in January, 1997 to inform Paul Revere of her claim and request a claim form. Though the Court assumes Dr. Lyon's testimony to be true for the purposes of summary judgment, neither of these con-

---

**3.** In unpublished dispositions, the Fourth Circuit has also held that when a insurance policy requires "prompt" notice or notice "as soon as practicable," Virginia law demands that the insured provide notice to her insurance company "within a reasonable time." *See Southern Envtl. Services v. United Capitol Ins. Co.*, 1999 WL 827541, *2, 1999 U.S.App. LEXIS 25816 *6 (4th Cir.1999) (unpublished) (citing *State Farm Mutual Auto. Ins. Co. v.*

*Douglas,* 207 Va. 265, 268, 148 S.E.2d 775, 778 (1966)) (stating that written notice of claim sent one year after a verbal claim was made was "manifestly unreasonable."). *See also Atlas Ins. Co. v. Chapman,* 1996 WL 436562 (4th Cir.1996) (holding that a 126–day delay in notifying an insurance company did not comply with a policy's provisions requiring notice "as soon as practicable.").

stitute compliance with the notice requirements of the policy. First, to the extent that Mr. Dietch attempted to award Dr. Lyon disability benefits for any part of 1997, Dr. Lyon's Policy prevents him from doing so; it provides, in relevant part, that "No agent may change this Policy or waive any of its provisions." Second, a mere phone call to Paul Revere did not comply with the requirement that notice of claims be in writing.

In addition, the Plaintiff also asserts that she submitted her claim on time because the "covered loss" for which she seeks benefits occurred in June 1994, and not in January, 1995. This argument conflates the distinction between cause and effect. Dr. Lyon's Policy entitled her to benefits to compensate her for "covered losses," *i.e.*, her disability or loss of work, that resulted from an accident or injury, *i.e.*, the Hawaii fall. Indeed, Paul Revere ceased paying her total disability benefits in January, 1995 precisely because she informed Paul Revere that her covered loss—absence from work—had ended. Now, after having received her final payment in December, 1994 and having not collected any benefits for 26 months, the Plaintiff may not now reasonably assert that the same "covered loss" applies to both the July, 1994–January, 1995 and the January 1995–April, 1997 time periods.

Accordingly, Defendant's Motion shall be granted.

### ORDER

For the reasons articulated in the accompanying MEMORANDUM OPINION, Defendant's Motion for Summary Judgment shall be, and hereby is, GRANTED.

It is so ORDERED.

The Clerk of the Court is directed to strike this case from the docket and send certified copies of this MEMORANDUM OPINION and ORDER to all Counsel of record.