420

# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Kenneth S. Stroupe, Jr.,
Kenneth S. Stroupe, Sr.,
and Dianna S. Stroupe

v.

Government Employees
Insurance Co.

July 12, 2007

Case No. 06-486

BY JUDGE EDWARD L. HOGSHIRE

This matter is before the Court on the plaintiffs' Motion for Summary Judgment and the defendant's Cross-Motion for Summary Judgment. The parties have fully briefed the issue, and on June 22, 2007, the parties gave oral argument on the same. Both parties filed Proposed Findings of Fact and Conclusions of Law. Having carefully considered the parties' briefs, arguments, and the controlling law, the Court hereby finds as follows.

*Findings of Fact*

The insurance policy attached to the parties' stipulations at Exhibit A is an accurate, authentic, and complete copy of the auto policy 0521-64-58-04 (the "Policy") in effect on August 27, 2005. The Declarations attached to the parties' stipulations as Exhibit B (the "Declarations") set forth the coverages provided by the Policy as of August 27, 2005. Various sections, or "Parts," of the Policy provide various types of coverage, including: Liability (Part I);

Expenses for Medical Services (Part II); Physical Damage (Part III); and, most importantly for purposes of this motion, Protection Against Uninsured Motorists (UIM) Coverage (Part IV).

The Policy defines "named insured" differently under different parts of the Policy. In Part I (Liability), GEICO narrowly defines "named insured" as only "the individual named in Item 1 of the declarations." Kenneth Stroupe, Jr., is the only "individual named in Item 1 of the declarations." Other parts of the Policy incorporate by reference Part I's definition of "named insured." For example, Part II of the Policy (Expenses for Medical Services) simply states, in relevant part, that "the Definitions of Part I apply to Part II." Similarly, Part III of the Policy (Physical Damage) specifically states that "the definitions of 'Named Insured' [and other defined terms] in Part I apply to Part III."

In Part IV (Protection Against UIM Coverage), the Policy does not simply adopt the definition of "Named Insured" set forth in Part I, despite having twice previously done so. Instead, GEICO employed a different and broader definition of "named insured" in Part IV. Instead of expressly limiting "named insured" to the "individual named in Item 1 of the declarations," as Part I of the Policy does, or incorporating Part I's definition, as Parts II and III do, Part IV defines "named insured" as any "person named in the declarations of this policy."

Both Kenneth S. Stroupe, Sr., and Diana Stroupe are named on the Declarations page of the Policy as "operators." The Court finds that the plaintiffs, Kenneth S. Stroupe, Sr., and Diana Stroupe, are named in the Declarations of the Policy but that only Kenneth Stroupe, Jr., is named in Item 1 of the Declarations. The term "operator" is not defined in the Policy.

*Conclusions of Law*

This action is filed pursuant to the Virginia Declaratory Judgment Act. *See* Va. Code § 8.01-184 *et seq.* Because an actual controversy exists, the matter is justiciable. *See USAA Cas. Ins. Co. v. Randolph*, 255 Va. 342, 497 S.E.2d 744 (1998).

All necessary parties to this action are present before the Court. *See Erie Ins. Group v. Hughes*, 240 Va. 165, 170, 393 S.E.2d 210, 212 (1990). Accordingly, this Court has the authority to make a binding declaration of rights pursuant to the Policy and the plaintiffs' coverage thereunder.

The Court shall enter summary judgment when there are no genuine issues of material fact and when "it appears from the pleadings . . . that the moving party is entitled to judgment." *See* Va. Sup. Ct. R. 3:20. In this case,

the parties have stipulated to the few material facts, making summary judgment regarding the application to plaintiffs of Part IV's definition of "Named Insured" appropriate. *Nationwide Mut. Ins. v. Clark*, 213 Va. 666, 194 S.E.2d 699 (1973). In addition to these stipulations, the Court may rely on the Policy and Declarations attached to those stipulations. *See Robberecht Seafood, Inc. v. Maitland Bros.*, 220 Va. 109, 255 S.E.2d 682 (1979). The determination of coverage under insurance policies is an arena in which summary judgment is appropriate. *See McDaniel v. State Farm Mutual*, 205 Va. 815, 139 S.E.2d 806 (1965).

The words and phrases used in insurance contracts should be given the meaning that they receive in the ordinary affairs of life. *Moore v. State Farm Mut. Auto. Ins. Co.*, 248 Va. 432, 435, 448 S.E.2d 611, 613 (1994) (applying unambiguous language of insurance policy as written); *see also Marandino v. Lawyers' Title Ins. Corp.*, 156 Va. 696, 700 159 S.E. 181, 182–83 (1931) (explaining insurance policy language is construed in accordance with the common understanding of the words used).

When these settled principles are applied to the definition of "Named Insured" under Part IV of the Policy, it is clear that Kenneth Stroupe, Sr., and Diana Stroupe are named on the Declarations of this Policy, and could reasonably be considered "named insureds" for purposes of Part IV of the Policy. Had GEICO intended to limit the definition of "Named Insured" in Part IV to the individual named in Item 1 of the Declarations, it could have simply included the limiting words "in Item 1" in the definition of "Named Insured" in Part IV. Had GEICO intended that "Named Insured" be defined identically in Parts I and IV, GEICO could simply have incorporated, as it did elsewhere, Part I's definition of "Named Insured."

The Court believes that the definition of "Named Insured" in Part IV is, at best, ambiguous and subject to more than one reasonable interpretation. Given this ambiguity, the Court is compelled to grant the relief sought by the plaintiffs for the following reasons: (a) the existence of two reasonable constructions demonstrates ambiguity, and the rules of construction require that ambiguities be construed against carriers who draft insurance policies and in favor of insureds. *Hill v. State Farm Mut. Auto. Ins. Co.*, 237 Va. 148, 375 S.E.2d 727, 730 (1989). In other words, if ambiguity is found, the meaning that provides coverage is favored over the meaning that would deny coverage. *Andrews v. American Health & Life Ins. Co.*, 236 Va. 221, 372 S.E.2d 399, 401 (1988); (b) the UIM statute is remedial in nature, and the policies promulgated pursuant to that statute are to be construed liberally in favor of insurance coverage. *See Virginia Farm Bureau Mut. Ins. Co. v. Gile*, 259 Va.

164, 168, 524 S.E.2d 642, 644 (2000) (*citing Tudor v. Allstate Ins. Co.*, 216 Va. 918, 224 S.E.2d 156, 158 (1976) (explaining the Court's liberal interpretation of Va. Code Ann. § 38.2-2206 (2007)); *Buchanan v. Doe*, 246 Va. 67, 76, 431 S.E.2d 289, 294 (1993) (Lacy, J., concurring).

Part IV's definition of "Named Insured" is broad. It is different from that of Parts I, II, and III. It plainly includes an individual named anywhere on the Declarations, including all three plaintiffs.

The Court therefore grants the plaintiffs' Motion for Summary Judgment and holds that the plaintiffs, Kenneth S. Stroupe, Jr., Kenneth S. Stroupe, Sr., and Diana S. Stroupe, are each "named on the declarations" of the Policy. Accordingly, for purposes of Part IV of the Policy providing UIM coverage, each of the three plaintiffs is and shall be considered by the defendant a "Named Insured" on August 27, 2005, and, for the same reasons, the Court denies the defendant's Cross-Motion for Summary Judgment as to UIM coverage afforded by the Policy. To the extent the defendant's motion seeks judgment on matters at issue not resolved by ¶ 12, above, the Motion is denied because genuine issues of material fact preclude the entry of summary judgment on those matters. *See* Va. S. Ct. Rule 3:20.